NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DELING ZHAO, | No.   15-70286 |
| Petitioner, | Agency No. A087-692-876 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017[**]

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Deling Zhao, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies regarding Zhao's house church attendance and the name of the doctor who treated her in 2007, the IJ's observations about Zhao demeanor while testifying about the name of the doctor, and her evasive testimony regarding her attempts to contact Chen. *See id.* at 1048 (9th Cir. 2010) (adverse credibility finding reasonable under the totality of the circumstances); *Huang v. Holder*, 744 F.3d 1149, 1155 (9th Cir. 2014) (giving special deference to findings based on demeanor). Zhao's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, Zhao's asylum and withholding of removal claims fail. *See Huang*, 744 F.3d at 1156.

Finally, Zhao's CAT claim fails because it is based on the same testimony the agency found not credible, and Zhao does not point to any other evidence that compels the conclusion it is more likely than not she would be tortured by or with the consent or acquiescence of a public official in China. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**